UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SAMUEL PRADO, <br><br>        Plaintiff, <br><br>v. <br><br>INTUS CARE, INC. <br><br>        Defendant. | C.A. No. 1:23-CV-00413-WES-LDA |

**DEFENDANT INTUS CARE. INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Intus Care, Inc. ("Defendant") responds to the allegations contained in Plaintiff's Complaint as follows:

**ALLEGATIONS CONCERNING "PARTIES"**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Defendant admits it is a corporation duly organized pursuant to the laws of the State of Rhode Island, otherwise denied. By way of further response, Defendant's principal place of business is located at 225 Dyer Street, Providence, Rhode Island 02903.

**ALLEGATIONS CONCERNING "JURISDICTION"**

3. The allegations in Paragraph 3 of the Complaint are legal conclusions, to which no response is required.

**ALLEGATIONS CONCERNING "VENUE"**

4. The allegations in Paragraph 4 of the Complaint are legal conclusions, to which no response is required.

## ALLEGATIONS CONCERNING "EXHAUSTION OF ADMINISTRATIVE REMEDIES"

5. The allegations in Paragraph 5 of the Complaint reference the content of a document. The content of the document speaks for itself, otherwise denied.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. The allegations in Paragraph 7 of the Complaint reference the content of a document. The content of the document speaks for itself.

8. The allegations in Paragraph 8 of the Complaint reference the content of a document. The content of the document speaks for itself.

9. The allegation in Paragraph 9 of the Complaint is a legal conclusion, to which no response is required.

## ALLEGATIONS CONCERNING "MATERIAL FACTS"

10. Defendant admits Plaintiff is male. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Defendant admits Mr. Jackson occasionally led brief, informal prayer sessions, otherwise denied.

20. Denied.

21. Denied.

22. Denied.

23. The allegations in Paragraph 23 of the Complaint are legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant admits it terminated Plaintiff's employment on November 22, 2021, otherwise denied.

25. Denied.

### ALLEGATIONS CONCERNING "CLAIMS FOR RELIEF"

26. Defendant restates and incorporates all of the foregoing responses as if fully set forth herein.

### Count I – Unlawful Discrimination
### 42 U.S.C. §2000e, *et seq.*

27. The allegations in Paragraph 27 of the Complaint are legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27 of the Complaint.

### Count II – Violation of RICRA
### R.I.G.L. §42-112-1, *et seq.*

28. The allegations in Paragraph 28 of the Complaint are legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 28 of the Complaint.

### Count III – Unlawful Discrimination
### R.I.G.L. §28-5-1, *et seq.*

29. The allegations in Paragraph 29 of the Complaint are legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29 of the Complaint.

### DAMAGES AND PRAYER

Defendant denies that Plaintiff is entitled to judgment on any counts of the Complaint and further denies that Plaintiff is entitled to damages or equitable relief.

### GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they exceed the scope of, or are inconsistent with, the charge he filed with the Rhode Island Commission for Human Rights.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted with legitimate business purposes absent of retaliatory animus, malice, or improper means or motive, and therefore, Plaintiff's claims must be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the damages requested in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by the doctrines of estoppel, laches, and/or unclean hands based on his own conduct.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate, minimize, or avoid damages, if any, alleged in the Complaint; accordingly, any recovery must be reduced by the amount of damages resulting from such failure.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's decisions concerning Plaintiff's employment and termination of employment were based upon legitimate, non-discriminatory factors.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are not actionable because he cannot establish Defendant's actions were a pretext for discrimination, or for complaining about discrimination.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish the requisite causal connection between any protected activity in which he purportedly engaged and any adverse employment action.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant has at all times pertinent hereto adopted, maintained, and communicated appropriate policies, programs, and procedures and made good faith efforts to comply with anti-discrimination and/or retaliation laws.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were attributable in whole or in part to his own conduct

and not to the actions or inactions of Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is seeking punitive damages, any such claim is barred because any act or practice complained of was not committed with knowledge, or reason to know, that such act or practice violated R.I.G.L. §28-5-1, *et seq.* and/or Title VII of the Civil Rights Act of 1964.

Defendant is not liable for any alleged damages resulting from the effects of Plaintiff's pre-existing emotional, psychological, or physical conditions, and/or any alternate or concurrent cause which may not be the result of any act or omission of Defendant.

### RESERVATION OF RIGHTS

Defendant may have additional affirmative defenses as of yet unknown, but which will be identified through discovery in this matter, and Defendant respectfully reserves the right to assert the same as appropriate.

                         Respectfully submitted,

                         INTUS CARE, INC.

Dated: April 19, 2024        By:    */s/ Jeffrey S. Shapiro*
                                    Jeffrey S. Shapiro (#10659)
                                    FISHER & PHILLIPS LLP
                                    200 State Street, 7th Floor
                                    Boston, Massachusetts 02109
                                    Tel: (617) 722-0044
                                    Fax: (617) 532-5899
                                    *jsshapiro@fisherphillips.com*

                                    Its Attorney